**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Mendez FRANCO, aka Jorge**
**Mendez–Franco; Jorge Franco,**
**Defendant–Appellant.**

No. 00–10090.
D.C. No. CR 99–0710 FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided June 4, 2001.

**616**

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

Jorge Mendez–Franco was convicted on three counts of transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and one count of conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He appeals his conviction, but not his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendez–Franco properly preserved his right to challenge the sufficiency of the evidence, so our review on that issue is de novo. *United States v. Pacheco–Medina,* 212 F.3d 1162, 1163 (9th Cir.2000); *United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998). We review the remainder of the issues that Mendez–Franco has raised on appeal only for plain error, because they were not raised in the district court. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir.2000) (citing Fed.R.Crim.P. 52(b)).

■ Assuming arguendo that the district court committed error under the Confrontation Clause by admitting the videotaped deposition testimony of three witnesses, any such error was harmless beyond a reasonable doubt. *See United States v. Pena–Gutierrez,* 222 F.3d 1080, 1089–90 (9th Cir.2000) (holding that Confrontation Clause violations are subject to harmless error analysis). Even without the videotaped testimony, there was ample

evidence to support Mendez–Franco's convictions on all charges. For similar reasons, Mendez–Franco's sufficiency of the evidence claim fails as well. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that the evidence is sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

■ The district court did not plainly err by admitting the expert testimony of Agent Turner. There was ample evidence of Turner's extensive knowledge and experience. The showing of reliability was therefore more than adequate to meet the requirements of *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141–42, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Mendez–Franco's argument that the district court erred by permitting Turner to testify to an ultimate fact is without merit. Under the Federal Rules of Evidence, all that remains of the common law "ultimate issue" rule is that an expert may not give an opinion as to a criminal defendant's state of mind. Fed. R.Evid. 704(a), (b). Tuner never gave an opinion as to Mendez–Franco's state of mind. Mendez–Franco's argument that Turner's testimony was more prejudicial than probative fails as well, because Mendez–Franco has not identified any way in which the testimony was, or could have been, prejudicial.

■ Mendez–Franco has not been prejudiced on this appeal by the destruction of the videotape of the deposition testimony that was played at his trial. The videotaped testimony was not transcribed, but Mendez–Franco has not made the showing of "specific prejudice" that is required for reversal. *United States v. Wilson,* 16 F.3d 1027, 1031 (9th Cir.1994); *United States v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*Carrillo,* 902 F.2d 1405, 1409–10 (9th Cir. 1990). The destruction of the tape has not prejudiced Mendez–Franco's Confrontation Clause and sufficiency of the evidence claims, because both claims fail regardless of what was on the tape. Nor has the destruction of the tape prejudiced Mendez–Franco with respect to any objections raised at the depositions, for several reasons: First, he expressly waived any such objections at trial. Second, his vague references to unspecified objections do not amount to the showing of "specific prejudice" that is required by *Wilson* and *Carrillo.* Third, even if some of those objections were meritorious and the testimony objected to was therefore admitted in error, any such error was harmless beyond a reasonable doubt – the evidence outside of the videotape was more than sufficient to establish Mendez–Franco's guilt beyond a reasonable doubt.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.